UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE

Eastern District of Kentucky
F I L E D
JUN 27 2005
AT PIKEVILLE
LESLIE G. WHITMER
CLERK, U.S. DISTRICT COURT

CIVIL ACTION NO. 04-277-GWU

GARY S. MARSHALL, PLAINTIFF,

VS. **MEMORANDUM OPINION**

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

## INTRODUCTION

The plaintiff brought this action to obtain judicial review of an administrative denial of his application for Disability Insurance Benefits (DIB). The appeal is currently before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 CFR 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 CFR 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to Step 4. If no, the claimant is not disabled. See 20 CFR 404.1520(c), 404.1521, 416.920(c), 461.921.

1

Marshall

4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 CFR 404.920(d), 416.920(d).

5. Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 CFR Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 CFR 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work? If yes, the claimant was not disabled. If no, proceed to Step 7. See 20 CFR 404.1520(e), 416.920(e).

7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 CFR 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply. Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial evidence" is "more than a mere scintilla[; i]t means such relevant evidence as a

2

Marshall

reasonable mind might accept as adequate to support a conclusion. . ." Wright v. Massanari, 321 F.3d 611, 614 (6th Cir. 2003) (quoting Kirk v. Secretary of Health and Human Services, 667 F.2d 524, 535 (6th Cir. 1981). It is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987). These have long been well-settled principles within the Circuit. Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain. Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms. 20 CFR Section 404.1529 (1991). However, in evaluating a claimant's allegations of disabling pain:

3

Marshall

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford

4

Marshall

or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 CFR 416.965(a) and 20 CFR 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 CFR Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent

5

Marshall

lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 CFR 404.1567(b). "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 CFR 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 CFR Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Ibid. In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony

6

only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments. <u>Varley v. Secretary of Health and Human Services</u>, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The plaintiff, Gary S. Marshall, was found by an Administrative Law Judge (ALJ) to have "severe" impairments consisting of "post polio syndrome" of the right leg, chronic lumbar spine strain, borderline intellectual functioning, and an adjustment disorder with mixed depression and anxiety. (Tr. 16). Nevertheless, based in part on the testimony of a vocational expert (VE), the ALJ determined that Mr. Marshall retained the residual functional capacity to perform a significant number of jobs existing in the economy and, therefore, was not entitled to benefits. (Tr. 19-22). The Appeals Council declined to review, and this action followed.

At the administrative hearing, the ALJ had asked the VE whether a person of the plaintiff's age, education, and work experience could perform any jobs if he were limited to light level exertion, and also had the following non-exertional impairments. (Tr. 53). He: (1) could occasionally operate right foot controls, climb, stoop, and crouch; and (2) would have a "moderately limited" ability to understand, remember, and carry out detailed instructions and respond appropriately to changes in the work setting. (Id.). The VE responded that there were jobs that such a person could perform, and proceeded to give the numbers in which they existed in the regional and national economies. (Id.).

7

Marshall

On appeal, this Court must determine whether the hypothetical factors selected by the ALJ are supported by substantial evidence, and that they fairly depict the plaintiff's condition.

Mr. Marshall alleged disability due to high blood pressure, pain in his back and hips, numbness in his right hand, right toe problems resulting from polio as a child, lack of education, and anxiety. (Tr. 85). He testified that although his childhood polio had caused him to be unable to raise his right toe and tended to cause him to stumble, he had been able to work until June, 2002, when longstanding pain in his back and right hip had become worse. (Tr. 31-3, 43). He had been hospitalized for high blood pressure in the past, but not since 2000. (Tr. 45). More recently, he had developed numbness of the right hand, which his physician thought might be carpal tunnel syndrome. (Tr. 40-1). He was on nerve medication for shortness of breath and anxiety attacks. (Tr. 46).

The plaintiff's primary argument on appeal is that the ALJ did not include any limitations regarding fine finger dexterity in the hypothetical question. Counsel for the plaintiff cites Mr. Marshall's testimony that he suffered from some numbness in the right hand and tended to drop things, and points to the statements of a consultative physical examiner, Dr. Steven Nutter, that on his examination the plaintiff had pain in the right wrist and sensory loss of the first and third digits and part of the palm of the right hand. (Tr. 171). However, Dr. Nutter also noted that the hands did not show any tenderness, swelling, or atrophy, and that Mr. Marshall was

8

able to make a fist, write, and pick up coins without difficulty in either hand. His grip was considered to be normal. (Tr. 169). Dr. Nutter found that Phelan's and Tinel's tests, which evaluate the possibility of carpal tunnel syndrome, were negative. (Id.). He did not discuss functional restrictions, but a state agency physician who reviewed the evidence at this point concluded that Mr. Marshall did not even have a "severe" impairment. (Tr. 175). Subsequently, another reviewing physician opined that Mr. Marshall was capable of light level exertion with the non-exertional limitations found by the ALJ and given to the VE in the hypothetical question. (Tr. 195-202).

While office notes from the plaintiff's treating family physician, Dr. DeGuzman, were subsequently submitted, and include an apparent diagnosis of carpal tunnel syndrome (e.g., Tr. 233-4, 238), there is no clear basis for this diagnosis other than an indication of tenderness in the right wrist. Nor did Dr. DeGuzman suggest any specific functional limitations. A "medical report" was submitted by Dr. Ira Potter on January 21, 2004, indicating that he had treated the plaintiff between July and December, 2003, but no office notes or test results were attached. (Tr. 250-4). This report indicates nothing about hand or wrist problems, and even records that Mr. Marshall could perform "sustained hand work while sitting for 6-8 hours." (Tr. 254).[1]

---

[1] The plaintiff, while mentioning Dr. Potter's report in his brief, does not argue that it provides a basis for remand. The Court notes, however, that while the limitations listed by the physician would preclude work, they are not accompanied by sufficient objective evidence to be given controlling weight. For instance, while Dr. Potter cites "chronic low

9

Marshall

Under the circumstances, the ALJ could reasonably have relied upon the opinion of the state agency reviewer, who felt that allegations of numbness and motor loss in the right hand were not credible. (Tr. 198).

The decision will be affirmed.

This the __23__ day of June, 2005.

_____
G. WIX UNTHANK
SENIOR JUDGE

---

back pain with spondylosis" as the cause of "severe" back pain (Tr. 251), the only lumbosacral spine X-ray in the transcript was conducted in connection with Dr. Nutter's evaluation and shows only a 9 degree convex scoliosis from L1-L5, with no spondylosis mentioned (Tr. 174). Dr. Potter also states at one point in his form that the plaintiff could only sit three hours a day due to his musculoskeletal problems (Tr. 252), but elsewhere agrees that he could do sustained hand work while sitting 6-8 hours (Tr. 254). Thus, his report is internally inconsistent as well as unsupported by objective studies.